IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAN MARTINEZ, individually and on Behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § § | Civil Action No. 5:21-cv-00605 FB |
| | § § | JURY TRIAL DEMANDED |
| AMERISURVEYORS, LLC, | § § | COLLECTIVE ACTION |
| Defendant. | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE

Plaintiffs and Defendant file this Joint Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice and respectfully state:

1. This case was filed on June 24, 2021 alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§201-219, and the Portal-to-Portal Act, 29 U.S.C. §§251-262, as a collective action. On November 10, 2021, Gilbert Martinez filed his notice consenting to join as a plaintiff. See ECF No. 13.

2. Extended negotiations took place between counsel for all parties in this litigation, and the parties have resolved all issues and have entered into a confidential Settlement Agreement. Because of the confidential nature of the Parties' Settlement Agreement, the Parties have contemporaneously filed a Joint Motion for Leave to File Exhibit Under Seal, before filing their Settlement Agreement.

3.      The Parties seek this Court's approval of their settlement agreement because this case was filed under the FLSA. The Parties recognize that in this Court, court approval is not required for the private settlement of FLSA claims where, as in this case, there are bona fide disputes as to the amount of hours worked or the compensation due. *Martinez v. Bohls Bearing Co., 361 F. Supp. 2d 608, 630 (W.D. Tex. 2005).* However, because this is a minority view, the Parties seek Court approval of their agreement. *Sepulveda v. Southwest Business Corp.*, 2009 U.S. Dist. LEXIS 93072 (W.D. Tex. San Antonio Div. 2009).

3.      The FLSA requires employers to pay overtime compensation to employees who work more than forty hours in a workweek. *29 U.S.C. § 207(a)(1).* Defendant has denied the allegations that overtime is owed and asserted affirmative defenses. Defendant has asserted that it paid all amounts due for overtime; that it at all times acted in good faith compliance with the FLSA, and that the two-year statute of limitations applies.

4.      Bona fide disputes exist regarding the amount of time Plaintiffs actually worked, whether and to what extent Plaintiffs worked overtime, whether Defendant will be able to establish a good faith defense so as to bar Plaintiff's claims for liquidated damages, and whether the two-year statute of limitations will bar all or part of Plaintiffs' claims.

5.      Because the Parties have disputes regarding the exact number of hours worked by Plaintiffs and the amount of compensation, if any, that may be due to the Plaintiffs, bona fide disputes exist. The Parties' settlement takes into account the available documents regarding scheduled recorded work time and their disputes. The Parties believe that the settlement is a fair and reasonable resolution of their disputes and fairly resolves and compensates Plaintiffs for hours worked, including overtime. The settlement was reached through settlement negotiations conducted by counsel for the Parties over multiple weeks in good faith, arms-length negotiations.

The Parties understand the inherent risks of litigation and understand the expense associated with further pleadings, a trial, and potentially an appeal.

6. The settlement amounts are especially reasonable in light of the dispute regarding Plaintiffs' alleged overtime hours within the statute of limitations; Plaintiff Adan Martinez did not even work within the two-year statute of limitations and worked a very brief period of time within the three-year statute of limitations.

7. The Parties negotiated the attorneys' fees to be paid to Plaintiffs' counsel independently from the amounts payable to Plaintiffs. As a result, the agreed upon fees do not affect or diminish the amount payable to Plaintiffs. Accordingly, approval of the agreed upon fee is not required. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.") (citations omitted)).

8. To the extent this Court wishes to determine the reasonableness of the agreed upon attorneys' fees and costs, the amount takes into account the Plaintiffs' counsel's billed hours and costs, taking this case from preliminary investigation and Complaint drafting, damages calculations, settlement negotiations and drafting settlement documents. Plaintiffs request that if the Court reviews the fees for reasonableness, that the Court find that the agreed upon fees are reasonable.

9. The Parties will submit their confidential Settlement Agreement as Exhibit A if the Court grants their Joint Motion for Leave to File Exhibit Under Seal.

10. The Parties request that the Court find that bona fide disputes exist and that after the Parties' Settlement Agreement is filed, the Court finds that the settlement agreement is a fair and reasonable resolution of the Parties' bona fide disputes.

11. The Parties also request, pursuant to the terms of the settlement agreement, that the Court dismiss all Plaintiffs' claims with prejudice to the refiling of same; with each party bearing their own attorney's fees and costs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs and Defendant request that the Court grant this motion and find that the Parties' settlement agreement is a fair and reasonable resolution of the Parties' bona fide disputes and dismiss all Plaintiff's claims with prejudice to the refiling of same.

Respectfully submitted,

By: */s/*Ricardo J. Prieto_____
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile
ATTORNEYS FOR PLAINTIFF AND
PUTATIVE COLLECTIVE ACTION MEMBERS

HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas  78209
Telephone:  (210) 824-8282
Facsimile:  (210) 824-8585

BY  */s/ M.D.*

Michael L. Holland
State Bar No. 09850750
mholland@hollandfirm.com
Inez M. McBride
State Bar No. 13331700
imcbride@hollandfirm.com
ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAN MARTINEZ, individually and on Behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 5:21-cv-00605 FB |
| | § § | JURY TRIAL DEMANDED |
| AMERISURVEYORS, LLC, | § § | COLLECTIVE ACTION |
| Defendant. | § | |

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CASE WITH PREJUDICE**

The Court, having considered Plaintiffs' and Defendant's Motion for Approval of Settlement Agreement and Dismissal of Case With Prejudice and having considered the Parties' confidential settlement agreement and having found that bona fide disputes exist regarding the number of hours worked by the Plaintiffs, and other disputes is of the opinion that the motion should be GRANTED. It is therefore

ORDERED that the Settlement Agreement between the Plaintiffs and Defendant filed under seal is hereby approved as a fair and reasonable resolution of the Parties' bona fide disputes. It is further ORDERED, ADJUDGED AND DECREED that the claims of Plaintiffs Adan Martinez and Gilbert Martinez are hereby dismissed with prejudice to the refiling of same; that they be removed from the Docket of the Court; that all attorney fees and costs incurred be taxed against the Party incurring same and that Plaintiffs take nothing from Defendant.

All relief not expressly granted herein is dismissed.

SIGNED and ENTERED on the _____ day of _____, 2022.

_____<br>UNITED STATES DISTRICT JUDGE